STATE *v.* SAM MOOSE

(No. 6832)

Submitted May 12, 1931.    Decided May 19, 1931.

*C. R. Harless* and *Kee & Lubliner,* for plaintiff in error.

*Howard B. Lee,* Attorney General and *W. Elliott Nefflen,* Assistant Attorney General, for the State.

HATCHER, JUDGE:

Defendant seeks reversal of a conviction and sentence for robbery.

On the night of June 16, 1928, Leo Dominick, of Glen White, West Virginia, who operated a taxi there, was hired by two men, unknown to him, for a trip to Beckley. A short distance from Glen White, Dominick was beaten and his car taken by the men. Later that night, it was found wrecked, not far from where it was stolen. Dominick identified defendant as one of the men. Another state witness testified

that he saw defendant talking with Dominick at the time two men hired the taxi.

Defendant resides at Sophia, West Virginia, and denied talking and riding with Dominick that night. He introduced several witnesses whose testimony tended to prove an alibi for him, and other witnesses who described two unknown men, who appeared upon the scene a day or so before the robbery, and disappeared soon after the news of the robbery spread.

Defendant relies chiefly for reversal on the conduct and remarks of an attorney who assisted in the prosecution, and who, in closing the case before the jury, according to a special bill of exceptions, "made a 'whirlwind' argument, in very loud and fast style and in an unusual manner for an attorney at law, which made it exteremely difficult for the reporter as well as counsel representing the defendant to get and receive his argument and often times during his argument when counsel representing the defendant would object, the said attorney would hesitate in his argument, but would proceed in an unusual manner and unbecoming of an attorney at law; and his manner and demeanor while arguing to the jury, was such as to indicate that he was unfair and wholly bent upon convicting the defendant and having no regard for what the evidence was, as testified to by the witnesses from the witness stand."

It is a settled rule of practice that "counsel for the state may vigorously prosecute so long as he deals fairly with the accused, but he should never assume the role of a partisan, eager to convict." *State* v. *Hively*, 103 W. Va. 237, 239. *A fortiori* is it an abuse of his position for a prosecutor "in his argument to make statements of facts outside of the evidence or not fairly inferable therefrom and to do so constitutes error." *State* v. *Cyty*, (Nev.) 52 A. L. R. 1016.

The State cites authority that mere intemperance of speech by the prosecuting attorney does not constitute reversible error. The error complained of here, however, is not only intemperance of speech but also palpable misconduct. The State seeks to differentiate *State* v. *Hively, supra,* because in the instant case the trial court instructed the jury generally to disregard any statements made by the special prose-

cutor which were at variance with the evidence, pointing out as far as could be recalled the objectionable statements. But the bill of exceptions certifies that the objections were ''so numerous'' that it was impossible for counsel to recall all of them to the court at the close of the argument. Under such abnormal conditions we are doubtful if the instructions of the court were sufficient to dissipate the effects of the ''whirlwind,'' and accordingly we reverse the judgment against the accused and award him a new trial.

*Reversed; new trial awarded.*