544 S.E.2d 914

**STATE of West Virginia, Plaintiff Below, Appellee,**

v.

**Christopher Scott ADKINS, Defendant Below, Appellant.**

No. 28471.

Supreme Court of Appeals of West Virginia.

Submitted Feb. 20, 2001.

Decided March 9, 2001.

Gregory L. Ayers, Kanawha County Public Defender Corporation, Charleston, for the Appellant.

Darrell V. McGraw, Jr., Attorney General, Benjamin F. Yancey, III, Assistant Attorney General, Charleston, for the Appellee.

PER CURIAM:

This appeal was filed by Christopher Scott Adkins, appellant/defendant below (hereinafter referred to as "Mr. Adkins"), from a conviction and sentence by the Circuit Court of Kanawha County. Mr. Adkins was convicted of unlawful wounding and sentenced to one to five years imprisonment. Here, Mr. Adkins assigns error to statements made at trial by the prosecutor in the initial closing argument and in rebuttal closing argument. After a thorough review of the briefs and record in this case, we affirm the conviction and sentence.

## I.

### FACTUAL AND PROCEDURAL BACKGROUND

This case involves a fight between Mr. Adkins and Mr. Michael Wingett. The altercation occurred in Dunbar, West Virginia, on August 3, 1998. On that date, Mr. Adkins and a friend, Mr. James Cooke, were leaving the Dunbar Mart, a convenience store, when they confronted Mr. Wingett. Mr. Wingett was going to the Dunbar Mart with his father and a friend. Mr. Adkins approached Mr. Wingett and brushed up against him. Harsh words were exchanged.

Mr. Adkins and Mr. Cooke left the scene and went to the home of Kim Alderman. While there, Mr. Adkins obtained a kitchen knife. Mr. Adkins then returned to the Dunbar Mart where he confronted Mr. Wingett. The trial testimony was conflicting as to what next occurred. However, it is clear that a fight took place between Mr. Adkins and Mr. Wingett. During the fight, Mr. Adkins stabbed Mr. Wingett in the back and chest region with the kitchen knife.[1]

Local police were called to the scene of the fight, and they arrested Mr. Adkins. Mr. Adkins gave a statement to the police indi-

cating he stabbed Mr. Wingett in self-defense after Mr. Wingett hit him with a stick. A grand jury indicted Mr. Adkins for malicious wounding. The jury returned a verdict finding Mr. Adkins guilty of unlawful wounding, a lesser included offense. The trial court sentenced Mr. Adkins to imprisonment for one to five years. It is from this sentence that Mr. Adkins now appeals.

## II.

### STANDARD OF REVIEW

Mr. Adkins contends that his state and federal constitutional rights to a fair trial and due process were violated as a result of alleged improper remarks by the prosecutor during closing argument and during rebuttal closing argument. We have long held that "[f]ailure to observe a constitutional right constitutes reversible error unless it can be shown that the error was harmless beyond a reasonable doubt." Syl. pt. 5, *State ex rel. Grob v. Blair,* 158 W.Va. 647, 214 S.E.2d 330 (1975). This Court has also stated that "[a] judgment of conviction will not be reversed because of improper remarks made by a prosecuting attorney to a jury which do not clearly prejudice the accused or result in manifest injustice." Syl. pt. 5, *State v. Ocheltree,* 170 W.Va. 68, 289 S.E.2d 742 (1982).

Regarding the role of a prosecutor, this Court held in Syllabus point 3 of *State v. Boyd,* 160 W.Va. 234, 233 S.E.2d 710 (1977):

The prosecuting attorney occupies a quasi-judicial position in the trial of a criminal case. In keeping with this position, he is required to avoid the role of a partisan, eager to convict, and must deal fairly with the accused as well as the other participants in the trial. It is the prosecutor's duty to set a tone of fairness and impartiality, and while he may and should vigorously pursue the State's case, in so doing he must not abandon the quasi-judicial role with which he is cloaked under the law.[2]

Finally, Rule 3.4 of the West Virginia Rules of Professional Conduct states that " . . . [a]

---

1. Mr. Wingett was hospitalized for twenty-four days as a result of the knife wounds.

2. *See* Syllabus, *State v. Moose,* 110 W.Va. 476, 158 S.E. 715 (1931) ("An attorney for the state may prosecute vigorously as long as he deals

fairly with the accused; but he should not become a partisan, intent only on conviction. And, it is a flagrant abuse of his position to refer, in his argument to the jury, to material facts outside the record, or not fairly deducible therefrom.").

lawyer shall not ... in trial ... state a personal opinion as to the justness of a cause, the credibility of a witness, ... or the guilt or innocence of an accused." *Accord State v. Stephens*, 206 W.Va. 420, 424, 525 S.E.2d 301, 305 (1999); Syl. pt. 8, *State v. England*, 180 W.Va. 342, 376 S.E.2d 548 (1988).

## III.

## DISCUSSION

### A. Initial Closing Argument

 The first issue raised by Mr. Adkins concerns a closing argument statement made by the prosecutor wherein the prosecutor indicated that Mr. Adkins and his trial witness, Mr. Cooke, were liars. The following statement was made by the prosecutor during the initial closing argument:

> Innocent misrecollection, that sort of thing. That's one thing. If its an out and out lie, it's another. Ladies and gentlemen, I submit to you that the only two witnesses in this case who have been shown to be liars is [sic] the Defendant and his witness, Mr. Cooke.

 Mr. Adkins readily concedes that he failed to raise an objection to the closing argument remark at trial. Thus, the State argues that the issue was waived by Mr. Adkins because of his failure to object at trial. The rule in West Virginia has long been that "[i]f either the prosecutor or defense counsel believes the other has made improper remarks to the jury, a timely objection should be made coupled with a request

to the court to instruct the jury to disregard the remarks." Syl. pt. 5, in part, *State v. Grubbs*, 178 W.Va. 811, 364 S.E.2d 824 (1987). This Court has also long held that "[f]ailure to make timely and proper objection to remarks of counsel made in the presence of the jury, during the trial of a case, constitutes a waiver of the right to raise the question thereafter either in the trial court or in the appellate court." Syl. pt. 6, *Yuncke v. Welker*, 128 W.Va. 299, 36 S.E.2d 410 (1945). Because of these well-settled legal principles,[3] we deem this issue waived for appellate review purposes.[4] *See State v. Davis*, 205 W.Va. 569, 586, 519 S.E.2d 852, 869 (1999) ("In view of our precedent, the defendant cannot argue for the first time on appeal that the prosecutor made improper remarks during the State's opening statement and closing argument."); *State v. Young*, 185 W.Va. 327, 349 n. 25, 406 S.E.2d 758, 780 n. 25 (1991) (finding defendant waived issue of improper remarks by the prosecutor during closing argument because of failure to object).

### B. Rebuttal Closing Argument

 Mr. Adkins has also assigned error to remarks made by the prosecutor during the prosecutor's rebuttal closing argument. Specifically, Mr. Adkins complains about the prosecutor informing the jury that Mr. Adkins and Mr. Cooke gave the police statements that were "very different" from their trial testimony. The following exchange occurred regarding this matter:

---

3. We do not believe the issue to be of such magnitude that we must invoke the plain error doctrine. "The plain error doctrine of W. Va. R.Crim. P. 52(b), whereby the court may take notice of plain errors or defects affecting substantial rights although they were not brought to the attention of the court[.]" Syl. pt. 4, in part, *State v. Grubbs*, 178 W.Va. 811, 364 S.E.2d 824 (1987). By its very nature, the plain error doctrine is reserved for only the most egregious errors. In order "[t]o trigger application of the 'plain error' doctrine, there must be (1) an error; (2) that is plain; (3) that affects substantial rights; and (4) seriously affects the fairness, integrity, or public reputation of the judicial proceedings." Syl. pt. 7, *State v. Miller*, 194 W.Va. 3, 459 S.E.2d 114 (1995).

4. In *State v. Collins*, 186 W.Va. 1, 14, 409 S.E.2d 181, 194 (1990), this Court made clear that "the fact that a witness may be impeached by a prior

inconsistent statement or gives testimony at variance with the State's witnesses does not give the prosecutor the absolute right to brand the witness a liar in his closing argument." *Collins*, 186 W.Va. at 14, 409 S.E.2d at 194. The State's brief cited several federal cases where courts have permitted prosecutors to use the word "lying" or "liar", with respect to testimony. We note that those federal cases are consistent with *Collins*. That is, federal courts permit prosecutors to refer to a witness as lying, "so long as the prosecutor sticks to the evidence and refrains from giving his personal opinion." *United States v. Dean*, 55 F.3d 640, 665 (D.C.Cir.1995). Under *Collins*, a prosecutor may, in appropriate circumstances, refer specifically to testimony that has been shown at trial to be a lie. *See State v. Dietz*, 182 W.Va. 544, 559 n. 15, 390 S.E.2d 15, 29 n. 15 (1990) (finding no reversible error when the prosecutor described the defendant as a liar).

PROSECUTOR: Changing stories to take away his self defense—he and his friend are the ones who changed their stories to give him a claim of self defense. Their stories to the police don't support self defense. The only stories that support self defense are the ones they told you on this witness stand, which are very different from the ones they told the police.

DEFENSE COUNSEL: Objection. Facts not in evidence. The Defendant's statement to the police was not entered into evidence.

THE COURT: All right.

PROSECUTOR: Your Honor, I questioned the Defendant about his statements to the police. It wasn't—

THE COURT: I'm sorry. You can argue what you've questioned him about. You can't make a quote from the statement.

Mr. Adkins contends that the prosecutor's comment "misled the jury that Adkins' must have lied in his testimony because his story to the police was 'very different,' and that it 'did not support self-defense.'" Assuming, without deciding, that the prosecutor's comment was error, we do not believe such an error warrants reversal of the judgment in this case.

 This Court has held that "[a] judgment of conviction will be reversed because of improper remarks made by a prosecuting attorney to a jury that clearly prejudice the accused or result in manifest injustice." *State v. Stephens,* 206 W.Va. 420, 425, 525 S.E.2d 301, 306 (1999) (citing Syl. pt. 5, *State v. Ocheltree,* 170 W.Va. 68, 289 S.E.2d 742 (1982)). We recently held in Syllabus point 6 of *State v. Sugg,* 193 W.Va. 388, 456 S.E.2d 469 (1995) that:

Four factors are taken into account in determining whether improper prosecutorial comment is so damaging as to require reversal: (1) the degree to which the prosecutor's remarks have a tendency to mislead the jury and to prejudice the accused; (2) whether the remarks were isolated or extensive; (3) absent the remarks, the strength of competent proof introduced to establish the guilt of the accused; and (4) whether the comments were deliberately placed before the jury to divert attention to extraneous matters.

Applying the *Sugg* factors to the instant case, we find the prosecutor's remarks clearly did not mislead the jury or prejudice the accused. The prosecutor made an isolated comment that testimony by Mr. Adkins and Mr. Cooke was "very different" from that given to the police. The trial court, upon a proper objection, quickly warned the prosecutor to confine argument to differences in the witnesses's police statements that were actually demonstrated through trial testimony. No further broad statements were made by the prosecutor. Furthermore, while the evidence in the case was conflicting on many key issues, the prosecutor's evidence was sufficient for the jury to find Mr. Adkins guilty beyond a reasonable doubt. We, therefore, decline to find reversible error.[5] *See State v. Satterfield,* 193 W.Va. 503, 516, 457 S.E.2d 440, 453 (1995) (finding no reversible error when prosecutor misquoted the evidence relating to DNA test results); *State v. Johnson,* 187 W.Va. 360, 364 n. 7, 419 S.E.2d 300, 304 n. 7 (1992) ("The prosecutor's closing statements did nothing more than point out inconsistencies in [defendant's] testimony.").

## IV.

## CONCLUSION

The judgment of conviction and sentence is affirmed.

Affirmed.

---

**5.** In a footnote to Mr. Adkins' brief he mentions that he filed a motion for a mistrial with the trial court after the prosecutor attempted to question a police officer regarding post-arrest silence by Mr. Adkins. "Although we liberally construe briefs in determining issues presented for review, issues which are not raised, and those mentioned only in passing but are not supported with pertinent authority, are not considered on appeal." *State v. LaRock,* 196 W.Va. 294, 302, 470 S.E.2d 613, 621 (1996). *See also State v. Lilly,* 194 W.Va. 595, 605 n. 16, 461 S.E.2d 101, 111 n. 16 (1995) ("'casual mention of an issue in a brief is cursory treatment insufficient to preserve the issue on appeal,'") (quoting *Kost v. Kozakiewicz,* 1 F.3d 176, 182 (3rd Cir.1993)).