**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**State of West Virginia, Plaintiff Below,**
**Respondent**

**vs) No. 12-0761** (Kanawha County 11-F-693)

**Brandon Levert Gray, Defendant Below,**
**Petitioner**

**FILED**

**June 10, 2013**
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

**MEMORANDUM DECISION**

Petitioner's appeal, by counsel Crystal L. Waldren, arises from the Circuit Court of Kanawha County, wherein the circuit court sentenced petitioner to life incarceration, with the possibility of parole, following his conviction, by jury, of one count of first degree murder. That order was entered on May 14, 2012. The State, by counsel Laura Young, has filed its response, to which petitioner has filed a reply.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

In June of 2011, petitioner was indicted by a Kanawha County Grand Jury for one count of first degree murder. This charge stemmed from the shooting death of Timothy Thompson Jr. in the early morning hours of June 9, 2011. After rejecting an offer to plead guilty to one count of voluntary manslaughter, petitioner was tried by jury in April of 2012. Evidence at trial, including phone records of both petitioner and the victim, established that petitioner instructed the victim to meet him at the scene of the murder shortly before the crime occurred. Petitioner was convicted of the lone count of first degree murder and sentenced to life incarceration, with the possibility of parole. During closing arguments, the State made several references to petitioner's untruthfulness with law enforcement during their investigation, and addressed a witness's motive to testify where the witness was awaiting trial on unrelated charges.

On appeal, petitioner alleges only one assignment of error: the State's improper remarks on closing argument set a tone of unfairness and impartiality and were so inflammatory that petitioner was denied due process. Petitioner argues that the State on closing called him a liar and inappropriately offered a personal opinion as to petitioner's guilt; inappropriately bolstered the credibility of the State's witness; argued evidence not in the record; and improperly appealed to the passions and emotions of jurors on multiple occasions. In support of these allegations,

1

petitioner argues that the State's closing was riddled with statements that he lied. Further, petitioner argues that the State improperly gave an opinion as to his guilt when it stated that "the only thing that [petitioner] didn't admit on the stand is that he actually pulled the trigger four times." Petitioner also argues that the State misrepresented the posture of a separate criminal proceeding involving Ernest Young, a State's witness, in order to make that witness appear more credible. During closing, the State noted that Mr. Young received nothing in return for his testimony, which petitioner argues is grossly misleading. Further, petitioner argues that the State referred to him as a "crack dealer" when no evidence was ever admitted to associate him with selling crack cocaine. Lastly, petitioner argues that the State improperly appealed to the passions and emotions of the jurors on multiple occasions by directing them to, among other things, "provide justice for Timothy Thompson's family."

Upon our review, the Court finds no error in regard to petitioner's assignment of error. It is important to note that petitioner's counsel objected to only one statement during closing arguments. This objection was in response to a remark the State made as to petitioner requesting mercy upon conviction, despite his assertion that he did not commit the crime in question. We have previously held that "'[a] judgment of conviction will not be set aside because of improper remarks made by a prosecuting attorney to a jury which do not clearly prejudice the accused or result in manifest injustice.' Syl. Pt. 5, *State v. Sugg*, 193 W.Va. 388, 456 S.E.2d 469 (1995)." Syl. Pt. 5, *State v. McCracken*, 218 W.Va. 190, 624 S.E.2d 537 (2005). Upon our review, the Court finds that the State's argument regarding petitioner's request for mercy did not clearly prejudice petitioner nor did it result in manifest injustice.

As to the remaining statements of which petitioner complains, the Court notes that

> "[f]ailure to make timely and proper objection to remarks of counsel made in the presence of the jury, during the trial of a case, constitutes a waiver of the right to raise the question thereafter either in the trial court or in the appellate court." Syllabus point 6, *Yuncke v. Welker*, 128 W.Va. 299, 36 S.E.2d 410 (1945).

Syl. Pt. 2, *State v. Adkins*, 209 W.Va. 212, 544 S.E.2d 914 (2001). As such, the Court notes that petitioner's failure to object to the statements of which he now complains constitutes a waiver to raise the question on appeal. Additionally, the Court finds no merit in petitioner's contention that the doctrine of plain error should apply. The Court has previously established that "[o]nce a defendant has established the first three requirements of [the plain error doctrine], we have the authority to correct the error, but we are not required to do so unless a fundamental miscarriage of justice has occurred. Otherwise, we will not reverse . . . ." *State v. Davis*, 220 W.Va. 590, 597, 648 S.E.2d 354, 361 (2007) (quoting Syl. Pt. 3, *State v. Marple*, 197 W.Va. 47, 475 S.E.2d 47 (1996). While the Court is not finding that petitioner here has satisfied any elements of the plain error doctrine, the Court finds this language dispositive of the issue on appeal. Our review shows that the evidence admitted at trial was more than sufficient to support petitioner's conviction. This includes evidence of petitioner's untruthfulness with law enforcement, the relevant phone records showing that petitioner instructed the victim to meet him at the scene of the murder, and testimony from Mr. Young that petitioner admitted to lying in wait for the victim and murdering him. For these reasons, the Court finds no error below.

2

For the foregoing reasons, the circuit court's order is hereby affirmed.

Affirmed.

**ISSUED**: June 10, 2013

**CONCURRED IN BY**:

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

3