# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs.) No. 17-0210** (Mercer County 16-F-69-WS)

**Michael Lowery,**
**Defendant Below, Petitioner**

**FILED**

**May 14, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Michael Lowery, by counsel David B. Kelley, appeals the Circuit Court of Mercer County's February 1, 2017, order sentencing him to not less than two nor more than five years of incarceration for unlawful assault of a law-enforcement officer, one year of incarceration for battery on a law-enforcement officer, and one year of incarceration for obstructing a law-enforcement officer. The sentences were ordered to run consecutively. Respondent State of West Virginia, by counsel Sarah B. Massey, filed a response. On appeal, petitioner argues that the circuit court erred in finding insufficient evidence that he acted in self-defense, finding sufficient evidence of his intent to batter or unlawfully assault the law-enforcement officers, and sufficient evidence to support a verdict of unlawful assault on a law-enforcement officer and obstruction of a law-enforcement officer.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner was indicted by the Mercer County Grand Jury on February 10, 2016, on three counts: (1) battery on a law-enforcement officer, (2) malicious assault on a law-enforcement officer, and (3) obstructing a law-enforcement officer. According to petitioner, multiple plea hearings were held in August of 2016. A plea agreement involving petitioner's possible transfer of probation on a deferred adjudication to the State of Georgia was discussed. However, the State advised the circuit court that there was no certainty that Georgia would accept the transfer. Ultimately, a status hearing was held on August 29, 2016, wherein the parties failed to reach a plea agreement and petitioner "moved for additional time to prepare for trial upon notice that an insanity defense would be appropriate." Following petitioner's psychiatric evaluation conducted by Dr. Bobby Miller, the circuit court held a status hearing on November 28, 2016, wherein, according to petitioner, the evaluation deemed him competent to stand trial, assist in his defense, and waive his right to a jury trial.

1

Thereafter, petitioner waived his right to be tried by a jury and proceeded to a bench trial on November 29, 2016, on the charges on which he was indicted. The charges stemmed from an incident in June of 2015, wherein petitioner was arrested outside a Wal-Mart in Princeton, West Virginia. Responding to complaints about petitioner soliciting money from customers, Trooper J.R. Tupper of the West Virginia State Police questioned petitioner generally. Trooper Tupper later testified at trial that, during their interaction, he determined that he needed to check petitioner for weapons to ensure his safety and the safety of the public due to petitioner's increasingly aggressive demeanor. According to Trooper Tupper's testimony, after asking several times for petitioner to stand in order to perform a frisk, he grasped petitioner's wrist to assist him to stand, whereupon petitioner initiated a physical altercation. During the altercation, Trooper Tupper attempted to handcuff petitioner, at which point petitioner obtained Trooper Tupper's police baton and struck him on the head twice. Trooper Tupper testified that he never reached for his baton or any other weapon.

At trial, two eye-witnesses corroborated Trooper Tupper's version of events. Both witnesses further testified that they did not see Trooper Tupper act in a threatening manner or draw a weapon. Trooper Clinton Fields also testified at trial and indicated that, when he arrived on the scene of the incident, he observed Trooper Tupper on his hands and knees and petitioner with one handcuff around his wrist. According to Trooper Field's testimony, after placing him in custody, petitioner bragged about the altercation and also struck Trooper Fields in the groin. Finally the circuit court heard testimony from the emergency room physician that attended to Trooper Tupper, who testified that he suffered from two "significant lacerations" to his scalp that required stitches; complained of dizziness and nausea; and exhibited symptoms of concussive syndrome, which could have long-term consequences.

At the conclusion of the State's case-in-chief, petitioner moved for judgment of acquittal as to the malicious assault count. Counsel for petitioner argued that there was insufficient evidence as to any "malice to the extent there was any intent to disfigure, maim, or permanently injure or kill Trooper Tupper." The circuit court deferred ruling on the motion until the completion of the case. Additionally, prior to the start of the defense's case-in-chief, counsel for petitioner notified the circuit court that petitioner wished to waive his right to testify and waive the insanity defense, despite his prior notice to assert the defense. The circuit court discussed with petitioner the consequences of waiving the insanity defense and held his motion in abeyance. Dr. Bobby Miller testified on petitioner's behalf as his sole witness. First, Dr. Miller testified that petitioner was competent to stand trial. But Dr. Miller opined that petitioner was not criminally responsible because he lacked the capacity to appreciate his actions and to conform his conduct to the requirements of the law. Dr. Miller further opined that petitioner had a serious mental illness in the form of schizoaffective disorder. Lastly, Dr. Miller explained that he believed that petitioner possessed the capacity to intelligently and voluntarily waive eligibility for an insanity defense.

On December 1, 2016, the circuit court entered its "Verdict from Bench Trial," wherein it summarized the testimony taken at the bench trial and noted that it had "discussed at length with [petitioner] the implications of his [motion to waive the defense of insanity], explained the possible outcomes of the case with and without the defense, and ensured [petitioner] understood what was being discussed." The circuit court found that petitioner was "mentally competent to

make such a decision and has knowingly, intelligently, and voluntarily moved to waive that defense," and granted the motion. According to the circuit court's order,

> [petitioner] gave succinct, coherent reasons to Dr. Miller for the rejection of the insanity defense. The reasons were as follows: 1. he believes he will be granted freedom quicker if incarcerated as opposed to hospitalized; 2. he denies that he has a mental illness; 3. he does not want the stigma associated with being in a psychiatric hospital; 4. he believes he can prove he is "sane;" and 5. he believes that the insanity defense would be viewed as an admission of guilt.

The circuit court also denied petitioner's oral motion for acquittal of count two of malicious wounding. Next, the circuit court considered petitioner's request to assert self-defense and found that while petitioner may have actually believed he was in imminent danger, "no reasonable prudent person, similarly situated, would have formed a reasonable belief that Trooper Tupper was about to kill him or do him serious bodily harm by attempting to conduct a frisk." Ultimately, the circuit court found petitioner guilty of battery on a law-enforcement officer; unlawful assault on a law-enforcement officer, a lesser included offense of malicious assault; and obstruction of a law-enforcement officer.

On December 22, 2016, petitioner filed a motion for judgment of acquittal notwithstanding the verdict and/or a new trial. In his motion, petitioner argued that there was sufficient evidence that he acted in self-defense, that there was insufficient evidence of his intent to batter or unlawfully assault the officers, and that there was insufficient evidence to support a verdict of unlawful assault. On February 1, 2017, the circuit court sentenced petitioner to not less than two nor more than five years of incarceration for unlawful assault of a law-enforcement officer, a term of one year of incarceration for battery on a law-enforcement officer, and one year of incarceration for obstructing a law-enforcement officer. The sentences were set to run consecutively. On February 28, 2017, the circuit court held a hearing on petitioner's motion for judgment of acquittal. Following the hearing, the circuit court denied petitioner's motion. This appeal followed.

"This Court applies a de novo standard of review to the denial of a motion for judgment of acquittal based upon the sufficiency of the evidence." *State v. Juntilla*, 227 W.Va. 492, 497, 711 S.E.2d 562, 567 (2011) (citing *State v. LaRock*, 196 W.Va. 294, 304, 470 S.E.2d 613, 623 (1996)); *accord State v. Minigh*, 224 W.Va. 112, 124, 680 S.E.2d 127, 139 (2009). We apply the following standard for reviewing a judgment entered after a bench trial:

> "In reviewing challenges to the findings and conclusions of the circuit court made after a bench trial, a two-pronged deferential standard of review is applied. The final order and the ultimate disposition are reviewed under an abuse of discretion standard, and the circuit court's underlying factual findings are reviewed under a clearly erroneous standard. Questions of law are subject to a *de novo* review." Syllabus Point 1, *Public Citizen, Inc. v. First Nat. Bank in Fairmont*, 198 W.Va. 329, 480 S.E.2d 538 (1996).

Syl. Pt. 1, *State v. Mechling*, 219 W.Va. 366, 633 S.E.2d 311 (2006). Upon our review, the Court finds no error in the proceedings below.

3

On appeal, petitioner argues that the circuit court erred in finding insufficient evidence that he acted in self-defense, finding sufficient evidence of his intent to batter or unlawfully assault the law-enforcement officers, and sufficient evidence to support a verdict of unlawful assault on a law-enforcement officer and obstruction of a law-enforcement officer. Regarding a claim that the evidence at trial was insufficient to convict, this Court has stated that

> [t]he function of an appellate court when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, is sufficient to convince a reasonable person of the defendant's guilt beyond a reasonable doubt. Thus, the relevant inquiry is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proved beyond a reasonable doubt.

Syl. Pt. 1, *State v. Guthrie*, 194 W.Va. 657, 461 S.E.2d 163 (1995).

Viewing the evidence in the light most favorable to the State, we find that there was sufficient evidence for the circuit court to find that petitioner did not act in self-defense. We have held that there are four elements to consider when examining a claim of self-defense.

> The first required element is that a defendant show that he or she was not the "aggressor" and did not provoke the attack . . . . The second and third required elements are that a defendant show that the circumstances of the attack formed a "reasonable" basis to believe, and that the defendant did believe, that he or she was at "imminent" risk of death or serious bodily injury . . . the "reasonableness" of a defendant's belief that death or serious bodily injury was "imminent" is both a subjective and an objective inquiry. The fourth required element is that a defendant must show that his or her actions were "proportionate" to the danger.

*State v. Harden,* 223 W.Va. 796, 809, 679 S.E.2d 628, 641 (2009).

Here, petitioner argues that Trooper Tupper was the aggressor because he was the first to initiate physical contact when he took hold of petitioner's wrist and further argues that as a person with a mental illness, the contact was threatening. However, Trooper Tupper and eye-witnesses testified that Trooper Tupper did not do anything to pose a physical threat of violence to petitioner. Further, Trooper Tupper did not reach for a weapon or act in a threatening manner and only questioned petitioner and grabbed his wrist to get him to stand up from the picnic table. While the circuit court found that, based upon Dr. Miller's testimony, petitioner may have believed he was in imminent danger of death or serious bodily injury, it further found that petitioner could not claim self-defense because no reasonable prudent person, similarly situated, would have formed a reasonable belief that Trooper Tupper was about to kill or seriously harm him by attempting to conduct a frisk. Finally, the amount of force petitioner used was excessive in relation to the perceived threat. The evidence shows that petitioner's response to contact with his wrist was to strike Trooper Tupper on the forehead and the top of his head, with the officer's baton, causing significant injuries that required medical care. Based on this evidence, the circuit

4

court found that the State proved beyond a reasonable doubt that petitioner did not act in self-defense, and we agree.

Similarly, in viewing the evidence in the light most favorable to the State, we find that there was sufficient evidence to support petitioner's convictions of battery on a law-enforcement officer, unlawful assault on a law-enforcement officer, and obstruction of a law-enforcement officer. We have held that "[a] convicted defendant who presses a claim of evidentiary insufficiency faces an uphill climb . . . . We reverse only if no rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *LaRock*, 196 W.Va. at 303, 470 S.E.2d at 622.

Pursuant to West Virginia Code § 61-2-10b(d), battery on a law-enforcement officer occurs when a person "unlawfully and intentionally causes physical harm to [a law-enforcement officer acting in his official capacity] and the person committing the battery knows or has reason to know that the victim is acting in his or her official capacity." Here, Trooper Fields was acting in his official capacity as a law-enforcement officer when he was escorting petitioner. Without provocation or excuse, petitioner caused physical harm to Trooper Fields by kicking him in the groin area. Based on this evidence, we find that there was sufficient evidence to support petitioner's conviction of battery on a law-enforcement officer.

We also find sufficient evidence to support petitioner's unlawful assault on a law-enforcement officer conviction. Pursuant to West Virginia Code § 61-2-10b(c), unlawful assault on a law-enforcement officer occurs when a person

> unlawfully, but not maliciously . . . wounds or by any means causes . . . a law-enforcement officer acting in his or her official capacity bodily injury with intent to maim, disfigure, disable or kill him or her and the person committing the unlawful assault knows or has reason to know that the victim is acting in his or her official capacity.

Here, the evidence presented showed that petitioner unlawfully took Trooper Tupper's police baton and proceeded to strike him in the head, causing substantial injuries, while Trooper Tupper was acting in his official capacity. Although, on appeal, petitioner argues that he "possess[ed] a mental defect and, therefore, had no way of knowing nor any reason to know that Trooper Tupper was acting in any official capacity," petitioner failed to raise any argument regarding a lack of knowledge below during his bench trial or in his post-trial motion for judgment of acquittal. Additionally, during the proceedings below, petitioner maintained that he did not have a mental illness. Therefore, he waives this argument on appeal. "'Our general rule is that nonjurisdictional questions . . . raised for the first time on appeal, will not be considered.' *Shaffer v. Acme Limestone Co., Inc.*, 206 W.Va. 333, 349 n. 20, 524 S.E.2d 688, 704 n. 20 (1999)." *Noble v. W.Va. Dep't of Motor Vehicles*, 223 W.Va 818, 679 S.E.2d 650 (2009). Based on this evidence, the circuit court found that, "it is clear to the court that [petitioner] did indeed intend to maim, disfigure, or disable Trooper Tupper, and indeed he did." Therefore, we find petitioner is not entitled to relief in this regard.

5

Although petitioner argues that he did not intend to batter or unlawfully assault the law-enforcement officers, we have held that "[i]ntent is the purpose formed in a person's mind which may, and often must, be inferred from the facts and circumstances in a particular case. The state of mind of an alleged offender may be shown by his acts and conduct." *State v. Ocheltree*, 170 W.Va. 68, 72, 289 S.E.2d 742, 746 (1982). Based upon the testimonial evidence presented by Trooper Tupper, Trooper Fields, and the eye-witnesses, the State presented sufficient evidence upon which the circuit court properly concluded that petitioner had the requisite intent to commit battery upon a law-enforcement officer and unlawful assault upon a law-enforcement officer.

Finally, sufficient evidence exists to support petitioner's obstruction conviction. Pursuant to West Virginia Code § 61-5-17(a), obstruction of a law-enforcement officer occurs when "[a] person who by threats, menaces, acts, or otherwise forcibly or illegally hinders or obstructs or attempts to hinder or obstruct a law-enforcement officer . . . acting in his or her official capacity." Here, Trooper Tupper's actions were part of his official duties when he questioned petitioner and attempted to perform a frisk on him out of concern for the safety of himself and the public. Petitioner's refusal to obey Trooper Tupper's orders resulted in a hindrance and obstruction of Trooper Tupper. Based on this evidence, we find there was sufficient evidence to uphold petitioner's conviction of obstruction of a law-enforcement officer.

For the foregoing reasons, we find no error in the decision of the circuit court, and its February 1, 2017, sentencing order is hereby affirmed.

Affirmed.

**ISSUED**:  May 14, 2018

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Menis E. Ketchum
Justice Allen H. Loughry II
Justice Elizabeth D. Walker