664 S.E.2d 169

**STATE of West Virginia, Appellee**

v.

**John LOWERY, Appellant.**

No. 33660.

Supreme Court of Appeals of West Virginia.

Submitted April 1, 2008.

Decided May 27, 2008.

286

Crystal L. Walden, Esq., Public Defender Corporation, Charleston, WV, for Appellant.

Darrell V. McGraw, Jr., Attorney General, Barbara H. Allen, Managing Deputy Attorney General, Charleston, WV, for Appellee.

PER CURIAM.

The appellant was indicted for six sexual offenses—three felony counts under *W.Va. Code*, 61–8B–5 [2000] and three misdemeanor counts under *W.Va.Code*, 61–8B–9 [1984]. The appellant claims in this appeal that the trial court erred by allowing the testimony of the appellant's pastor, by failing to declare a mistrial based upon a spectator outburst during trial, and by failing to direct a verdict of acquittal on the felony counts because of the State's failure to prove the specific age of the appellant—the difference in the age of the victim and the appellant being an element of the offense.

For the reasons stated, *infra*, we affirm.

1. Due to the sensitive nature of the facts involved in this case, we will adhere to our usual practice in such matters and refer to the victim by her

I.

On July 26, 2006, the Grand Jury of Kanawha County returned an indictment against the appellant, John Henry Lowery, for three misdemeanor counts of sexual abuse in the third degree under *W.Va.Code*, 61–8B–9, and for three felony counts of sexual assault in the third degree under *W.Va.Code*, 61–8B–5. All counts in the indictment named a minor, A.D.,[1] a female, age fifteen, as the victim. The appellant was thirty-five years old, married and the father of children.

The defendant was found guilty on two felony counts of sexual assault in the third degree, and guilty on two misdemeanor counts of sexual abuse in the third degree, at a one-day jury trial on September 25, 2006. At trial the State called eight witnesses, including the victim, A.D.

The evidence at trial suggested that the appellant and A.D. began a relationship late in 2005 which continued into early 2006. Both the appellant and A.D. were members of the same church where A.D.'s mother served as assistant pastor. The appellant was also an employee of the Second Avenue Community Center, a facility sponsored by the church. A.D. participated in an after-school program at the Center, in which she served as choreographer for a men's dance team. Appellant was a member of the dance team.

Appellant and A.D. attempted to keep their relationship a secret, but relatives and other church members became suspicious after observing the two together. Several witnesses testified at the trial to seeing the pair together, and to their conduct. One of the witnesses who testified to observing the appellant with A.D. was the pastor of the sponsoring church, who also served as head of the Center. The pastor's testimony related to his observations of the couple together, and to his advising the appellant to stay away from A.D.

When A.D. testified, she detailed her relationship with the appellant, including the specific sexual contact between her and the

initials only. *See In re Clifford K.,* 217 W.Va. 625, 619 S.E.2d 138, (2005).

appellant. Her testimony supported the elements of the offenses for which the appellant was convicted.

The record also reflects that during A.D.'s testimony, a gentleman spectator at the trial stood up and shouted the words, "You bastard! You bastard!", after which the spectator was immediately escorted from the courtroom. The trial court promptly instructed the jury, "Ladies and gentlemen of the jury, you will disregard that outburst."

The appellant did not present any evidence in his defense.

The jury returned a verdict of guilty on two felony counts of sexual assault in the third degree, and guilty on two misdemeanor counts of guilty of sexual abuse in the third degree.[2]

On October 5, 2006, the appellant filed two post-trial motions—a motion for judgment of acquittal based upon the allegation that the State had not proven the age of the appellant and a motion for new trial based the outburst in the courtroom by the spectator.

On October 26, 2006, the trial court conducted a hearing on the appellant's motions, after which the court entered an order denying both of the appellant's motions. The trial court then proceeded with sentencing. The trial judge effectively sentenced the appellant to a two-to-ten-year sentence. The felony sentences were to run consecutively, and the misdemeanor sentences were to run concurrently with one of the felony sentences.

It is from the October 26, 2006 order that the appellant appeals.

## II.

■ In Syllabus Point 4 of *Burgess v. Porterfield*, 196 W.Va. 178, 469 S.E.2d 114 (1996) this Court held:

This Court reviews the circuit court's final order and ultimate disposition under an abuse of discretion standard. We review challenges to findings of fact under a clearly erroneous standard; conclusions of law are reviewed *de novo*.

■ Where a trial court's determination involves a construction of the *West Virginia Rules of Evidence* and rulings of law, our review is plenary. *See State v. Omechinski*, 196 W.Va. 41, 44, 468 S.E.2d 173, 176 (1996) and *Gentry v. Mangum*, 195 W.Va. 512, 518, 466 S.E.2d 171, 177 (1995).

With these principles in mind we proceed to consider the appellant's assignments of error.

The appellant asserts the following as error: First, the trial court violated *W, Va. Code*, 57–3–9 [2001] when the pastor was allowed to testify; second, appellant's right to a fair trial was denied when the court denied the appellant's motion for a mistrial based on the spectator outburst during the trial; and third, appellant's conviction for sexual assault in the third degree is not supported by the evidence because the State failed to prove that the appellant was at least four years older than A.D.

■ The first assignment of error is whether or not the testimony of the pastor witness falls within the privilege provisions of *W.Va.Code*, 57–3–9, which states as follows:

**§ 57–3–9. Communications to priests, nuns, clergy, rabbis, Christian Science practitioners or other religious counselors not subject to being compelled as testimony.**

No priest, nun, rabbi, duly accredited Christian Science practitioner or member of the clergy authorized to celebrate the rites of marriage in this state pursuant to the provisions of article two, chapter forty-eight of this code shall be compelled to testify in any criminal or grand jury proceedings or in any domestic relations action in any court of this state:

(1) With respect to any confession or communication, made to such person, in his or her professional capacity in the course of discipline enjoined by the church or other religious body to which he or she belongs, without the consent of the person making such confession or communication; or

2. During the trial the State moved, and the trial court granted, a motion to dismiss one felony count of sexual assault in the third degree and one misdemeanor count of sexual abuse in the third degree.

(2) With respect to any communication made to such person, in his or her professional capacity, by either spouse, in connection with any effort to reconcile estranged spouses, without the consent of the spouse making the communication. This subsection is in addition to the protection and privilege afforded pursuant to section three hundred one, article one, chapter forty-eight of this code.

■ In the only case this Court has decided involving the application of *W.Va.Code*, 57-3-9, we held in Syllabus Point 3 of *State v. Potter*, 197 W.Va. 734, 478 S.E.2d 742 (1996) that:

A communication will be privileged, in accordance with W.Va.Code, 57-3-9 (1992), if four tests are met: (1) the communication must be made to a clergyman; (2) the communication may be in the form of a confidential confession or a communication; (3) the confession or communication must be made to the clergyman in his professional capacity; and (4) the communication must have been made in the course of discipline enjoined by the rules of practice of the clergyman's denomination.

In the instant case, the appellant did not make any confidential confession or communication to the pastor witness which was revealed by the pastor's testimony. The pastor's testimony centered around the conduct of the appellant and A.D. that he observed, and the statements he made to the appellant to stay away from A.D. The pastor's testimony was that his conversation with the appellant was primarily as the overseer of the Center where the appellant was employed, and as a supervisor and friend of the appellant. The pastor witness specifically testified that he was not speaking to the appellant as appellant's pastor.

Inasmuch as the pastor's testimony fails to meet at least three of the four elements of the *Potter*, *supra*, test, we believe that this

aspect of the appellant's argument is without merit.

Next, we consider the outburst made by a spectator during the trial.

■ The record reveals that during the testimony of A.D., a spectator[3] in the courtroom shouted, "You bastard! You bastard!" The spectator was promptly escorted out of the courtroom, and the judge instructed the jury to disregard the outburst. Immediately after the outburst, the appellant moved for a mistrial, which was denied by the trial court. The motion was also renewed as a post-trial a motion. The trial court again denied the motion.

■ The decision to grant or deny a motion for mistrial is reviewed under an abuse of discretion standard.

The decision to declare a mistrial, discharge the jury and order a new trial in a criminal case is a matter within the sound discretion of the trial court. A trial court is empowered to exercise this discretion only when there is a "manifest necessity" for discharging the jury before it has rendered its verdict. This power of the trial court must be exercised wisely; absent the existence of manifest necessity, a trial court's discharge of the jury without rendering a verdict has the effect of an acquittal of the accused and gives rise to a plea of double jeopardy.

*State v. Williams*, 172 W.Va. 295, 304, 305 S.E.2d 251, 260 (1983) (citations omitted). *See also State v. Winebarger*, 217 W.Va. 117, 127, 617 S.E.2d 467, 477 (2005) (per curiam).

While the appellant cites several cases[4] in support of his contention that the spectator's outburst justifies reversal, we find that the cited cases are distinguishable on the facts. From our review of the record, briefs, and argument of counsel, we believe that the trial court acted within appropriate bounds of discretion in deciding that a brief outburst, followed by an immediate ejection of

---

3. The appellant states in his brief that the individual was A.D.'s father; however, the record does not reveal that the individual's identity was ever disclosed to the jury.

4. *State v. Moss*, 180 W.Va. 363, 376 S.E.2d 569 (1988); *State v. Stewart*, 278 S.C. 296, 295 S.E.2d 627 (1982); *Taylor v. State*, 55 Ariz. 29, 97 P.2d 927, (1940); *State v. Franklin*, 174 W.Va. 469, 327 S.E.2d 449 (1985); *Norris v. Risley*, 918 F.2d 828 (C.A.9 Mont.1990).

the spectator from the courtroom, and a curative instruction, did not create a manifest necessity for a declaration of a mistrial. We, therefore, conclude that the trial court did not abuse its discretion, and find that there is no merit in the appellant's second assignment of error.

■ Finally, we consider the appellant's third assignment of error that the appellant's conviction for sexual assault in the third degree is not supported by the evidence because the State failed to prove that the appellant was at least four years older than A.D. The statute under which the appellant was convicted with felony counts, *W.Va.Code*, 61–8B–5,[5] requires that the appellant be at least four years older than the victim. The appellant contends that the evidence with respect to the age difference between the appellant and the victim was insufficient because the State did not introduce any evidence at trial of the defendant's age. The State did prove the victim's age as being fifteen, but failed to introduce any specific evidence of the appellant's age.

■ In a similar case where the State failed to specifically prove the age of the defendant, this Court held in Syllabus Point 6 of *State v. Richey*, 171 W.Va. 342, 298 S.E.2d 879 (1982), that:

> Where the exact age is not required to be proved, the defendant's physical appearance may be considered by the jury in determining age but there must be some additional evidence suggesting the defendant's age.

In the instant case, the State is only required to prove that the age difference between the appellant and the victim was "at least four years." The State in its brief argued that there was ample evidence under *Richey, supra*, which would permit the jury

to find beyond a reasonable doubt that the appellant was more than four years older than A.D. We agree.

The appellant's appearance may be considered by the jury. While there is no direct, specific evidence of the age of the appellant presented to the jury, the record does include a statement by counsel for the State that "... I think there [was] enough in front of this jury for the jury to determine if he is more than four years older, just by his appearance alone...." Additionally, the trial court at the hearing on the motion for judgment of acquittal found that "... the Defendant [appellant] looked to be in his thirties...." The jurors would have seen the same "physical evidence" as did the State's counsel and the judge, and could have likewise concluded the same.

Also, there was evidence presented to the jury that the appellant was married and had children, which provides additional support for the jury to find the appellant to be more than four years older than A.D.

Additional evidence on age that the jury had to consider was the testimony of A.D.:

Q. [Prosecutor] Okay. Did you know that he [appellant] was quite a bit older than you?

A. [A.D.] Yes, sir.

Q. [Prosecutor] Did you also know that he was married?

A. [A.D.] Yes, sir.

Q. [Prosecutor] Did you know he had kids?

A. [A.D.] Yes, sir.

And finally, the reaction of the pastor and other witnesses to what they suspected was going on between the appellant and A.D. suggests that they may not have shown such

5. **§ 61–8B–5. Sexual assault in the third degree.**
(a) A person is guilty of sexual assault in the third degree when:
(1) The person engages in sexual intercourse or sexual intrusion with another person who is mentally defective or mentally incapacitated; or
(2) The person, being sixteen years old or more, engages in sexual intercourse or sexual intrusion with another person who is less than

sixteen years old and who is at least four years younger than the defendant and is not married to the defendant.
(b) Any person violating the provisions of this section is guilty of a felony and, upon conviction thereof, shall be imprisoned in a state correctional facility not less than one year nor more than five years, or fined not more than ten thousand dollars and imprisoned in a state correctional facility not less than one year nor more than five years.

heightened concern if the age difference between the two had not been so great.

Based on the forgoing, we believe that there was evidence before the jury, in addition to the appellant's appearance, for the jury to conclude beyond a reasonable doubt that the appellant was more than four years older than the victim A.D. We therefore find no merit in the appellant's third assignment of error.

### III.

In conclusion we find that the pastor's testimony was not privileged under *W.Va. Code*, 57-3-9; that no manifest necessity existed as a result of the spectator's outburst during trial which required a declaration of a mistrial; and that the jury had sufficient evidence before it to conclude that the appellant was more than four years older than the victim A.D.

Based on the foregoing, we affirm the rulings of the trial court.

Affirmed.