# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**R.Q.,**
**Plaintiff Below, Petitioner**

**vs)  No. 13-1223** (Kanawha County 09-C-823)

**West Virginia Division of Corrections,**
**Defendant Below, Respondent**

**FILED**

April 10, 2015

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner R.Q., by counsel Kerry A. Nessel, appeals the Circuit Court of Kanawha County's grant of summary judgment to the West Virginia Division of Corrections in an order dated September 20, 2012, and the denial of her motion to alter or amend that judgment in an order dated October 29, 2013.[1] Respondent West Virginia Division of Corrections ("DOC"), by counsel Lou Ann S. Cyrus and Kimberly M. Bandy, responds. Following the issuance of this Court's opinion in *W.Va. Reg'l Jail and Corr. Facility Auth. v. A.B.*, __ W.Va. __, 766 S.E.2d 751 (2014), respondent submitted a supplemental brief, to which petitioner filed a reply, both with permission from this Court.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner was incarcerated at Lakin Correctional Center from 2006 until 2008. Petitioner filed her complaint on May 5, 2009, asserting sexual misconduct by D.F, a correctional officer employed by the DOC. She alleges that while she was incarcerated at Lakin Correctional Center, she was repeatedly threatened, sexually harassed, sexually abused, sexually assaulted, and on at least two occasions "orally raped" by D.F. She alleged that the DOC failed to provide a reasonably safe facility by failing to see to petitioner's safety. She further alleged that the DOC breached its duty to properly staff, hire, supervise, train, and retrain correctional officers and employees assigned to the jail, specifically D.F. Respondent DOC sought summary judgment for claims asserted under the West Virginia Governmental Tort Claims and Insurance Reform Act ("the Act") for invasion of petitioner's privacy rights; negligent hiring, retention, training, and supervision of D.F.; negligent staffing of the facility; negligent failure to intervene on

---

[1] "Due to the sensitive nature of the facts involved in this case, we will adhere to our usual practice in such matters and refer to the victim by her initials only." *State v. Lowery*, 222 W.Va. 284, 286 n.1, 664 S.E.2d 169, 171 n.1 (2008).

1

petitioner's behalf; and conspiracy. The DOC also sought summary judgment arguing that it could not be held vicariously liable for D.F.'s conduct as a matter of law.[2]

Respondent filed a motion for summary judgment, and petitioner stipulated to the dismissal of her claims against the DOC for invasion of privacy and negligent hiring. Therefore, the issues that remained for circuit court determination were the claims for conspiracy, negligent retention, negligent training, negligent supervision of D.F., negligent staffing of the facility, and negligent failure to intervene on petitioner's behalf. The issue of vicarious liability also remained in dispute. In her response to the motion for summary judgment, petitioner did not assert that additional discovery was needed. Further, discovery was ordered completed by November 1, 2011, and respondent's motion for summary judgment was filed on February 6, 2012.

In its September 12, 2012, order, the circuit court set forth findings of fact and conclusions of law, including the finding that the DOC could not be held liable for the alleged unlawful sexual assault committed by its employee, D.F., simply by virtue of the fact that he was employed by the DOC. The circuit court also stated that the sexual conduct alleged against D.F. was clearly outside the scope of his employment as a correctional officer as a matter of law because it was not done within the scope of his authority and for the benefit of the DOC. Therefore, the circuit court granted the DOC's motion for summary judgment as to the claims of vicarious liability and respondeat superior for the alleged sexual misconduct. With regard to petitioner's claim of civil conspiracy, the circuit court found that conspiracy required at least two identified persons who had allegedly engaged in concerted unlawful action. However, it found that because the DOC was a state agency, it is not a person against whom liability can attach for civil conspiracy. For that reason, the court concluded that the DOC was entitled to summary judgment on the conspiracy claim.[3]

The circuit court also found the following: D.F. received training from the DOC regarding sexual harassment and assault and had actual knowledge that any sexual contact with inmates was strictly forbidden; D.F. attended the corrections training academy in the fall of 2007; D.F. signed a memorandum of understanding regarding sexual misconduct with inmates on August 27, 2007, stating that he read and thoroughly understood West Virginia law making sexual intercourse or intrusion with incarcerated persons a felony; D.F. testified that the DOC educated him adequately with regard to sexual misconduct and that he was aware that it was against DOC policy to sexually touch an inmate or request sexual favors from inmates; petitioner had not identified a specific alleged deficiency in the training that was provided to D.F. by the DOC that supported a finding that the DOC fell below the standard of care with respect to officer training, nor was D.F.'s training in genuine dispute; and petitioner could not identify any facts or

---

[2] According to the circuit court, petitioner stipulated to a dismissal of her claims against the DOC under the United States Constitution, the West Virginia Constitution, and the Act.

[3] In petitioner's supplemental reply, petitioner addresses her claim of civil conspiracy. However, she failed to address that issue in her original brief, so respondent has not had the opportunity to respond to such argument. Due to petitioner's failure to address the issue in compliance with Rule 10 of the West Virginia Rules of Appellate Procedure, we decline to address this issue.

evidence to support her claim of negligent hiring. The circuit court found that the DOC owed a duty of reasonable care or that care which a reasonable division of corrections would owe to an inmate in its custody, based upon an accepted standard in the corrections industry. However, the circuit court held that petitioner had failed to meet her burden to come forward with a triable issue of fact on her claim for negligent training. Thus, the DOC was granted summary judgment on that issue.

The circuit court specifically addressed qualified immunity, finding that this Court had explained that the doctrine of qualified immunity shields public officers from liability for negligence in the performance of their duties. The court found that correctional officer training is a discretionary administrative policy-making decision, so it was subject to qualified immunity. Accordingly, it granted summary judgment to the DOC on the claim of negligent training on the independent ground that the claim is barred by qualified immunity. It also granted summary judgment to the DOC on petitioner's claims for negligent supervision and retention, based on the merits of the claims and qualified immunity. The court further granted summary judgment on the basis of qualified immunity for petitioner's claim that the DOC failed to fully staff the facility. Finally, the circuit court determined that while petitioner testified that two instances of sexual assault occurred, she admitted that she never took any steps to bring those instances to the DOC's attention. Therefore, the DOC was granted summary judgment on petitioner's claim for failure to intervene on petitioner's behalf.

Petitioner filed a motion to alter and/or amend the judgment order on September 20, 2012. The DOC filed its original and supplemental responses to petitioner's motion to alter or amend. On November 7, 2012, the circuit court held a hearing on petitioner's motion to alter or amend the judgment order of September 11, 2012. On June 24, 2013, petitioner filed her reply to the DOC's supplemental response, and on September 27, 2013, petitioner filed her supplemental reply. On October 29, 2013, the circuit court entered its order denying petitioner's motion. Petitioner appeals from the circuit court's grant of the DOC's motion for summary judgment and the denial of her motion to alter or amend the judgment.

We review a circuit court's entry of summary judgment de novo. Syl. Pt. 1, *Painter v. Peavy*, 192 W.Va. 189, 451 S.E.2d 755 (1994). The standard of review applicable to an appeal from a motion to alter or amend a judgment is the same standard that would apply to the underlying order upon which the motion is based and from which the appeal is filed. *See* Syl. Pt. 1, *Wickland v. American Travellers Life Ins. Co.*, 204 W.Va. 430, 431, 513 S.E.2d 657, 658 (1998).

On appeal, petitioner asserts a single assignment of error – the circuit court erred in granting the DOC's motion for summary judgment on the grounds of qualified immunity and likewise erred by denying petitioner's motion to alter or amend the judgment order. Petitioner contends that D.F.'s sexual misconduct, enabled by the DOC, violates clearly established statutory or constitutional rights of which a reasonable person would have known. Therefore, she asserts that D.F. does not enjoy qualified immunity in this matter. She argues that the DOC's qualified immunity is coterminous with that of D.F., so the DOC lacks qualified immunity for

her negligence claims.[4] Petitioner contends that she presented evidence that created a genuine issue of material fact as to whether the DOC owed her a special duty.

With regard to petitioner's claims for negligent retention, negligent training, negligent supervision of D.F., and negligent staffing, and vicarious liability, we have previously found as follows:

> "In the absence of an insurance contract waiving the defense, the doctrine of qualified or official immunity bars a claim of mere negligence against a State agency not within the purview of the West Virginia Government Tort Claims and Insurance Reform Act, W.Va. Code § 29-12A-1, *et seq.*, . . ." Syl. Pt. 6, *Clark v. Dunn*, 195 W.Va. 272, 465 S.E.2d 374 (1995).

Syl. Pt. 7, in part, *A.B.*, __ W.Va. at __, 766 S.E.2d at 756. Further,

> [t]o determine whether the State, its agencies, officials, and/or employees are entitled to immunity, a reviewing court must first identify the nature of the governmental acts or omissions which give rise to the suit for purposes of determining whether such acts or omissions constitute legislative, judicial, executive or administrative policy-making acts or involve otherwise discretionary governmental functions. To the extent that the cause of action arises from judicial, legislative, executive or administrative policy-making acts or omissions, both the State and the official involved are absolutely immune pursuant to Syl. Pt. 7 of *Parkulo v. W.Va. Bd. of Probation and Parole,* 199 W.Va. 161, 483 S.E.2d 507 (1996).

> To the extent that governmental acts or omissions which give rise to a cause of action fall within the category of discretionary functions, a reviewing court must determine whether the plaintiff has demonstrated that such acts or omissions are in violation of clearly established statutory or constitutional rights or laws of which a reasonable person would have known or are otherwise fraudulent, malicious, or oppressive in accordance with *State v. Chase Securities, Inc.,* 188 W.Va. 356, 424 S.E.2d 591 (1992). In absence of such a showing, both the State and its officials or employees charged with such acts or omissions are immune from liability.

Syl. Pts. 10 and 11, *A.B.*

---

[4] In addition to arguments related to qualified immunity, the DOC argues that petitioner's appeal is moot because petitioner appealed the circuit court's entry of summary judgment on the claims of negligent supervision and retention only on the grounds of qualified immunity, ignoring the fact that the circuit court found that petitioner's claims lack factual support, which finding is sufficient to support the circuit court's entry of summary judgment. Because the circuit court did find that qualified immunity was applicable and petitioner's assignment of error is based on that finding, we will not address mootness herein.

In *A.B.*, the plaintiff alleged that she was raped by a correctional officer while incarcerated in the Southern Regional Jail. *Id.*, __ W.Va. at __, 766 S.E.2d at 757. A.B. filed suit against the West Virginia Regional Jail and Correctional Facility Authority ("WVRJCFA") for several claims, including negligent hiring, retention, supervision, staffing, and training, in addition to civil conspiracy. *Id.*, __ W.Va. at __, 766 S.E.2d at 758. Much like the instant matter, *A.B.* asserted that the immunity of the State and its officials or employees was "coterminous." As we stated in *A.B.*, the correctional officer's

> alleged acts fall manifestly outside the scope of his authority and duties as a correctional officer. When taken as true for purposes of the motion for summary judgment, there can be no question that these acts, as alleged, are in no way an "ordinary and natural incident" of the duties with which he was charged by the WVRJCFA and in no way furthered the purposes of the WVRJCFA. As such, we conclude that the WVRJCFA is entitled to immunity for respondent's claims based on vicarious liability for [the correctional officer's] acts.

__ W.Va. at __, 766 S.E.2d at 772. For these same reasons, we find that the circuit court did not err in the instant case by finding that the DOC was entitled to immunity for petitioner's claims based on vicarious liability for D.F.'s alleged acts.

With regard to petitioner's claims for negligent training, supervision, and retention, they closely resemble the allegations against the WVRJCFA in *A.B. See A.B.*, __ W.Va. at __, 766 S.E.2d at 758-60 and 773-76. The WVRJCFA argued that the training, supervision, and retention of correctional officers were inherently discretionary acts for which the State enjoys immunity and that A.B. failed to identify a clearly established right or law which the WVRJCFA violated in its supervision, training, and retention of the correctional officer. *Id.*, __ W.Va. at __, 766 S.E.2d at 773. As we found in *A.B.*, we find here that "the broad categories of training, supervision, and employee retention, as characterized by respondent, easily fall within the category of 'discretionary' government functions." *Id.* We expressly disagreed with A.B.'s contention that we previously held that negligent hiring, supervision, and retention claims are per se viable causes of action against the State or its agencies. *Id.* We recognized in *A.B.* and continue to recognize in the instant case that to the extent petitioner can demonstrate that the respective State agencies violated a "clearly established" right or law with respect to its training, supervision, or retention of the correctional officer, the State agency is not entitled to immunity. __ W.Va. at __, 766 S.E.2d at 774.

Like our finding regarding the WVRJCFA, we do not suggest that the DOC has no duty to prevent prison rape. As in *A.B.*, the correctional officer in the instant matter, D.F., was trained annually and understood that sexual conduct with inmates was prohibited. __ W.Va. at __, 766 S.E.2d at 775. However,

> [t]o prove that a clearly established right has been infringed upon, a plaintiff must do more than allege that an abstract right has been violated. Instead, the plaintiff must make a "particularized showing" that a "reasonable official would understand that what he is doing violated that right" or that "in light of preexisting

5

law the unlawfulness" of the action was "apparent." *Anderson v. Creighton*, 483 U.S. 635, 107 S.Ct. 3034, 3039, 97 L.E.2d 523 (1987).

*A.B.*, __ W.Va. at __, 766 S.E.2d at 776 (citing *Hutchinson v. City of Huntington*, 198 W.Va. 139, 149 n.11, 479 S.E.2d 649, 659 n.11 (1996)). There does not appear to be a question in the instant case that D.F. allegedly violated petitioner's clearly established rights, but it is not his conduct that is the focus of this aspect of the appeal. Instead, the question is whether the DOC, in the course of its supervision and retention of D.F., violated a clearly established right. Petitioner failed to establish what the DOC did or failed to do that it would have reasonably understood was unlawful with regard to its supervision, retention, and training of D.F. Petitioner did not identify a single policy, procedure, rule, regulation, or statute that the DOC violated. Therefore, based upon our review of the briefs and the record before this Court, we find that petitioner failed to identify what the DOC did that was purportedly unlawful, so she failed to establish that such actions violated a clearly established right.[5]

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** April 10, 2015

**CONCURRED IN BY:**

Chief Justice Margaret L. Workman
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II

**DISSENTING:**

Justice Robin Jean Davis

---

[5] In *A.B.*, we noted that negligent staffing had been asserted but that that claim had apparently been abandoned. __ W.Va. at __, 766 S.E.2d at 758 n.5. In the instant case, petitioner does not present argument regarding the staffing of the facility in her brief before this Court, so it also appears that Petitioner R.Q. has abandoned that claim. The same is true for petitioner's claim that the DOC negligently failed to intervene on petitioner's behalf.

6