# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs)  No. 14-1038** (Mercer County 14-F-64)

**Kendrick Bernard Morris,**
**Defendant Below, Petitioner**

**FILED**

October 16, 2015

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Kendrick Bernard Morris, by counsel Steven K. Mancini, appeals the order of the Circuit Court of Mercer County, entered on September 10, 2014, sentencing him to two concurrent terms of imprisonment in the state penitentiary for one to fifteen years each, upon his conviction by a jury of two counts of delivery of a Schedule II controlled substance. Respondent State of West Virginia appears by counsel Shannon Frederick Kiser.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the order of the circuit court is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner's appeal centers on two assignments of error: first, that the trial court erred in not declaring a mistrial after the State's witness offered testimony referencing repeated drug deals between her and petitioner and, second, that the trial court erred in not declaring a mistrial in response to "a number of subtle references by the [p]rosecutor, during closing argument, to the fact that [p]etitioner had not testified." In *State v. Lowery*, 222 W.Va. 284, 664 S.E.2d 169 (2008), this Court explained that "[t]he decision to grant or deny a motion for mistrial is reviewed under an abuse of discretion standard." 222 W.Va. at 288, 664 S.E.2d at 173. Similarly, in *State v. Williams*, 172 W.Va. 295, 305 S.E.2d 251 (1983), this Court explained:

> The decision to declare a mistrial, discharge the jury and order a new trial in a criminal case is a matter within the sound discretion of the trial court. A trial court is empowered to exercise this discretion only when there is a "manifest necessity" for discharging the jury before it has rendered its verdict. This power of the trial court must be exercised wisely; absent the existence of manifest necessity, a trial court's discharge of the jury without rendering a verdict has the effect of an acquittal of the accused and gives rise to a plea of double jeopardy.

1

172 W.Va. at 304, 305 S.E.2d at 260 (citations omitted). Mindful of these standards, we review petitioner's arguments.

We begin with petitioner's first assignment of error, in which he argues that the State's witness, a confidential informant, impermissibly and prejudicially testified about numerous illegal transactions that were not charged in the indictment. Petitioner was indicted in February of 2014 on three counts of delivery of a Schedule II controlled substance (cocaine). The circuit court conducted a pretrial hearing in May of 2014 to address the admissibility of the testimony of the confidential informant, who participated in three controlled buys of crack cocaine from petitioner, under the observation of the Princeton Police Department and the Southern West Virginia Regional Task Force. The informant testified at that hearing that she had purchased crack cocaine from petitioner more than fifty times prior to her own arrest. At the conclusion of the hearing, the trial court ruled:

> The [c]ourt thinks it's somewhat intrinsic to the charges itself because of the fact that it shows first of all you know I think the jury is entitled to hear, you know, why [the informant] told them she could buy drugs from [petitioner]. I think that all goes to the reason why [the police] were using [her] to target [petitioner]. Furthermore, I think it goes also to the[,] to the, as the [c]ourt indicated, to the knowledge or knowledge of him, identity, absence of mistake, preparation of the plan. It goes to all of those issues even if it is [Rule] 404(b) [evidence].

> However, I do agree with [petitioner's counsel]. I don't think that we need to get in the number, talking about the number of times she's dealt with him. I think that the [c]ourt will allow her to testify that she has bought cocaine from him in the past and part of the time that she bought cocaine from him in the past she utilized the same methods that she used in this case. The court would restrict it to that testimony.

The court memorialized its ruling in an order entered on June 10, 2014 ("[T]he State is directed not to illicit (*sic*) testimony from [the informant] regarding the number of times she purchased controlled substances from the defendant.")

At trial, the assistant prosecuting attorney asked the informant, without objection from petitioner, "And so all of this, this whole meeting and this whole dealing with him[,] this all takes place before you got into trouble, is that right?" As this line of questioning continued, the informant testified:

> Um, there were other times I would meet him in the laundry room of his building. There were times I would meet him in the back stairwell. Then there were other times I would meet him behind the dollar store on Mercer Street. And then there times that I would meet him—

At this point, petitioner's counsel objected. A bench conference was conducted, but the substance of the conference was mostly deemed "unclear" by the court reporter. Later, during petitioner's counsel's cross-examination of the informant, the witness testified, "Everybody in

Princeton that does drugs knows that he sells crack." Counsel immediately moved for a mistrial. The motion was denied, but the judge instructed the jury to "[d]isregard what she said here recently."[1]

Petitioner concedes that the circuit court's pretrial review of the informant's testimony was "adequate" pursuant to Rule 404(b) of the West Virginia Rules of Evidence.[2] He does not specifically identify the basis for his assignment of error, except to argue that the informant's testimony violated the circuit court's prior order on the admissibility of evidence. Upon review, we find that the testimony to which petitioner objected did not violate the prior order of the circuit court, and that the circuit court actively ensured the effectiveness of its order through a timely and appropriate instruction to the jury. Moreover, we note—as described above—that petitioner's motion for a mistrial was made not upon the informant's testimony concerning her history of purchases with petitioner, but upon her testimony that "everybody in Princeton that

---

[1] Also on cross-examination, after counsel asked, "When you got back to the officers you would have produced what you say that [petitioner] sold you?" the witness responded, "It was . . . [folded] nine times out of ten in a lottery ticket." Counsel did not move to strike, but instead commented, "I'm talking about how many times out of three." On redirect, the assistant prosecuting attorney asked, "[N]ine times out of ten the crack cocaine would be in a lottery ticket?" Petitioner's counsel objected (though the witness answered affirmatively in the meantime), and the trial court sustained the objection. At the request of counsel, the trial court directed the jury to disregard the State's question. Petitioner argues that this exchange substantially proves that the State was motivated to "get in the number" of transactions without regard to the circuit court's earlier ruling. We disagree, and note that the exchange occurred after petitioner's counsel made his motion for a mistrial. Petitioner did not renew his motion for a mistrial at the time the informant offered this testimony.

[2] Rule 404(b) provides:

> (1) Prohibited uses. Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.

> (2) Permitted uses; notice in a criminal case. This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. Any party seeking the admission of evidence pursuant to this subsection must:

> (A) provide reasonable notice of the general nature and the specific and precise purpose for which the evidence is being offered by the party at trial; and

> (B) do so before trial--or during trial if the court, for good cause, excuses lack of pretrial notice.

does drugs knows that [petitioner] sells crack."[3] As we previously stated, when considering a party's "neglect[] to alert the trial court that it was attempting to make a Rule 404(b) argument[:]"

> [t]ime and again, we have reiterated that "[t]o preserve an issue for appellate review, a party must articulate it with such sufficient distinctiveness to alert a circuit court to the nature of the claimed defect." Syllabus Point 2, *State ex rel. Cooper v. Caperton*, 196 W.Va. 208, 470 S.E.2d 162 (1996). We have further explained:
>
> > The rule in West Virginia is that parties must speak clearly in the circuit court, on pain that, if they forget their lines, they will likely be bound forever to hold their peace. . . . It must be emphasized that the contours for appeal are shaped at the circuit court level by setting forth with particularity and at the appropriate time the legal ground upon which the parties intend to rely.
>
> *Id.*, 196 W.Va. at 216, 470 S.E.2d at 170 (citation omitted). Trial courts should not have to guess the nature of claimed defects. Further, this Court should not have to examine with a fine tooth comb the lines of trial transcripts to discern the true meaning of objections made at trial.
>
> *State v. Ladd*, 210 W.Va. 413, 428–29, 557 S.E.2d 820, 835–36 (2001)(emphasis added).

*Perrine v. E.I. du Pont de Nemours & Co.*, 225 W. Va. 482, 531, 694 S.E.2d 815, 864 (2010). The circuit court did not err in not granting a mistrial based on an asserted violation of its prior order, where petitioner did not move for a mistrial on that basis.

We next turn to petitioner's second assignment of error, in which he challenges remarks made by the State. In closing argument, the assistant prosecuting attorney, without objection from petitioner's counsel, made three remarks that petitioner now contends were improper: (1) "But, ladies and gentlemen, you can't ignore the evidence that you've heard. The only evidence that you've heard indicates that on three occasions . . . [petitioner] delivered crack cocaine. . ."; (2) "You've heard a phone call in which the number that [the informant] calls she says is the one that [petitioner] gave her, there is not other evidence, that is [petitioner's] cell phone"; and (3) "And once again, ladies and gentlemen, there's not another good explanation that reasonable for the presence of the crack cocaine on Ms. Sullivan when she returns [from her meeting with petitioner]." Petitioner argues that these remarks were "subtle references" to petitioner's decision

---

[3] The circuit court adequately dealt with that testimony when it instructed the jury to disregard it, and though petitioner argues that the remark was prejudicial, he did not assign error to the circuit court's having permitted the testimony.

not to testify, and that the circuit court should have, sua sponte, declared a mistrial.[4] Again, we note that petitioner did not request a mistrial or otherwise object to the assistant prosecutor's statements, though

> [t]he rule in West Virginia has long been that "[i]f either the prosecutor or defense counsel believes the other has made improper remarks to the jury, a timely objection should be made coupled with a request to the court to instruct the jury to disregard the remarks." Syl. pt. 5, in part, *State v. Grubbs*, 178 W.Va. 811, 364 S.E.2d 824 (1987). This Court has also long held that "[f]ailure to make timely and proper objection to remarks of counsel made in the presence of the jury, during the trial of a case, constitutes a waiver of the right to raise the question thereafter either in the trial court or in the appellate court." Syl. pt. 6, *Yuncke v. Welker*, 128 W.Va. 299, 36 S.E.2d 410 (1945). . . . *See State v. Davis*, 205 W.Va. 569, 586, 519 S.E.2d 852, 869 (1999)("In view of our precedent, the defendant cannot argue for the first time on appeal that the prosecutor made improper remarks during the State's opening statement and closing argument."); *State v. Young*, 185 W.Va. 327, 349 n. 25, 406 S.E.2d 758, 780 n. 25 (1991)(finding defendant waived issue of improper remarks by the prosecutor during closing argument because of failure to object).

*State v. Adkins*, 209 W. Va. 212, 215, 544 S.E.2d 914, 917 (2001). In light of these well-settled principles, we deem this issue waived for appellate review purposes.[5]

---

[4] This Court held in Syllabus Point 1 of *State v. Boyd*, 160 W.Va. 234, 233 S.E.2d 710 (1977):

Under the Due Process Clause of the West Virginia Constitution, Article III, Section 10, and the presumption of innocence embodied therein, and Article III, Section 5, relating to the right against self-incrimination, it is reversible error for the prosecutor to cross-examine a defendant in regard to his pre-trial silence or to comment on the same to the jury.

*Accord* Syl. Pt. 1, *State v. Oxier*, 175 W.Va. 760, 338 S.E.2d 360 (1985).

[5] Without engaging in a comprehensive discussion on this issue, we note that the assistant prosecutor's general remarks about the lack of evidence favoring petitioner likely were not improper under our previously-established framework for review.

Four factors are taken into account in determining whether improper prosecutorial comment is so damaging as to require reversal: (1) the degree to which the prosecutor's remarks have a tendency to mislead the jury and to prejudice the accused; (2) whether the remarks were isolated or extensive; (3) absent the remarks, the strength of competent proof introduced to establish the guilt of the accused; and (4) whether the comments were deliberately placed before the jury to divert attention to extraneous matters.

(continued . . .)

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** October 16, 2015

**CONCURRED IN BY:**

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II

---

Syl. Pt. 6, *State v. Sugg*, 193 W.Va. 388, 456 S.E.2d 469 (1995). For this reason, we disagree with petitioner's argument that review is triggered by the "plain error" doctrine. *See State v. Miller*, 194 W.Va. 3, 459 S.E.2d 114 (W.Va. 1995).