# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

vs.) **No. 16-0466** (Greenbrier County 15-F-23)

**Amy R. McClung,**
**Defendant Below, Petitioner**

**FILED**

**February 23, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Amy R. McClung, by counsel Scott E. Johnson, appeals the Circuit Court of Greenbrier County's April 19, 2016, order sentencing her to an indeterminate term of not less than one nor more than five years of incarceration following her unlawful assault conviction. Respondent State of West Virginia, by counsel David A. Stackpole, filed a response. On appeal, petitioner argues that the circuit court abused its discretion by failing to quash the jury panel after a prospective juror stated that he considered the assistant prosecuting attorney representing the State to be honest.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On February 3, 2015, petitioner was indicted on one count of malicious assault. Petitioner's trial commenced on July 14, 2015. During voir dire, the following exchange ensued between the circuit court and David Kirby, a prospective juror:

> THE COURT: . . . The State is represented by Pat Via, who's the Prosecuting Attorney in this county, and Ryan Blake, who is the Assistant Prosecuting Attorney. I think everyone has seen him as he has stood. Anyone did not see his face? In the back? Okay.
>
> Are any of you related to him, by blood or marriage?
>
> Do any of you have any business or social relationship with him? Yes, sir.
>
> MR. KIRBY: We attended high school together, graduated, were in the band together.

1

THE COURT: Mr. Workman?

MR. KIRBY: Kirby.

THE COURT: Kirby, excuse me. So you were in the same class?

MR. KIRBY: Yeah, from seventh grade through high school graduation.

THE COURT: Were you close friends?

MR. KIRBY: Not close, but we were friends.

THE COURT: Friendly with each other and you were in the band together?

MR. KIRBY: Uh-huh.

THE COURT: It's been a few years?

MR. KIRBY: We run into each other every once in a while. It's been a few years since high school.

THE COURT: Would you consider him a close friend?

MR. KIRBY: Not close friend.

THE COURT: Well, would the fact that you were in school together, you participated in some events together or some activities together, and it's been a few – you still see him occasionally. Would that cause you to give more credit or less credit or weight to his argument or his position just because of that?

MR. KIRBY: It may.

THE COURT: It may? You would not be able to set aside and base your decision solely on the evidence heard here in the courtroom as well as the instruction of law?

MR. KIRBY: I think I could.

THE COURT: You think you could?

MR. KIRBY: Yeah.

THE COURT: You had some hesitation. Can you explain that?

2

MR. KIRBY: I don't know. I mean, I just consider Ryan to be an honest – an honest person.

THE COURT: Well, attorneys are supposed to be that way. I can't say everyone is, but you assume a prosecutor is supposed to be that way. So aside from that, do you – because of your history with him, do you give extra – do you accord him extra opinion of honesty because of that?

MR. KIRBY: No.

The circuit court, "to be on the safe side," excused Mr. Kirby for cause. Petitioner subsequently moved for a mistrial on the grounds that Mr. Kirby's assertion concerning the assistant prosecuting attorney's honesty tainted the jury panel. The circuit court denied petitioner's motion. At the conclusion of her trial, the jury found petitioner guilty of unlawful assault, a lesser-included offense of malicious assault.

Following trial, petitioner moved for a new trial arguing that Mr. Kirby's "vouching" for the assistant prosecuting attorney's honesty tainted the jury panel. The circuit court denied this motion and sentenced petitioner to not less than one nor more than five years of incarceration. Petitioner's sentence was memorialized in an April 19, 2016, order, and it is from this order that petitioner appeals.

On appeal, petitioner argues that the circuit court erred in denying her motion for a mistrial because Mr. Kirby's "positive endorsement of APA Blake's character irrevocably tainted the jury panel." Petitioner also argues that the comment gave the State an advantage in the "credibility contest" at trial between petitioner, who argued self-defense, and the victim. Finally, petitioner argues that prosecuting attorneys cannot vouch for the State's witnesses' credibility, but Mr. Kirby's statement did that indirectly.

Generally,

[i]n reviewing challenges to findings and rulings made by a circuit court, we apply a two-pronged deferential standard of review. We review the rulings of the circuit court concerning a new trial and its conclusion as to the existence of reversible error under an abuse of discretion standard, and we review the circuit court's underlying factual findings under a clearly erroneous standard. Questions of law are subject to a de novo review.

Syl. Pt. 3, *State v. Vance*, 207 W.Va. 640, 535 S.E.2d 484 (2000). In reviewing decisions on a motion for a mistrial, we employ an abuse of discretion standard:

The decision to declare a mistrial, discharge the jury and order a new trial in a criminal case is a matter within the sound discretion of the trial court. A trial court is empowered to exercise this discretion only when there is a 'manifest necessity' for discharging the jury before it has rendered its verdict. This power of the trial court must be exercised wisely; absent the existence of manifest necessity, a trial

3

court's discharge of the jury without rendering a verdict has the effect of an acquittal of the accused and gives rise to a plea of double jeopardy.

*State v. Lowery*, 222 W.Va. 284, 288, 664 S.E.2d 169, 173 (2008) (citations omitted).

We find no error in the circuit court's denial of petitioner's motion for a mistrial. Once Mr. Kirby reported the extent of his friendship with Mr. Blake and his opinion on Mr. Blake's honesty, the circuit court, as required, further questioned Mr. Kirby regarding whether his knowledge of Mr. Blake would cause him to accord Mr. Blake's argument or the State's evidence more credibility or weight.[1] Mr. Kirby said, "No." Further, after the exchange with Mr. Kirby, the circuit court inquired of the panel,

Are any of you conscious or sensible of any bias or prejudice for or against the [d]efendant or for or against the State which could in any way prevent or interfere with your ability to be fair and impartial and render a verdict based only on the law and the evidence? Anyone?

No juror responded to this inquiry. Additionally, the circuit court asked, "Do any of you know any reason why you could not be fair and impartial in this case." Again, there was no response to this question. Thus, there is no evidence that Mr. Kirby's statement so tainted the panel that "manifest necessity" existed for discharging the jury and granting petitioner's motion for a mistrial. Moreover, we find petitioner's arguments relative to a prosecuting attorney's prohibition on comments concerning witness credibility unavailing because Mr. Blake made no such comments.

For the foregoing reasons, we affirm the circuit court's April 19, 2016, sentencing order.

Affirmed.

**ISSUED:** February 23, 2018

**CONCURRED IN BY:**

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Menis E. Ketchum
Justice Allen H. Loughry II
Justice Elizabeth D. Walker

---

[1]"If a prospective juror makes an inconclusive or vague statement during *voir dire* reflecting or indicating the possibility of a disqualifying bias or prejudice, further probing into the facts and background related to such bias or prejudice is required." Syl. Pt. 6, *State v. Newcomb*, 223 W.Va. 843, 679 S.E.2d 675 (2009) (citation omitted).